## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MANSON FISHER, JR.,                   :
AIS 152643,
                                      :

     Petitioner,
                                      :
vs.                                   :        CA 05-0623-BH-C


WILLIAM E. DONALDSON      :
CORRECTIONAL FACILITY,
                                      :

     Respondent.

## REPORT AND RECOMMENDATION

Manson Fisher, Jr., a state prisoner presently incarcerated in the William E. Donaldson Correctional Facility, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure, yet again, to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.     Fisher was convicted in the Circuit Court of Washington County, Alabama on January 10, 1989, of capital murder; he was sentenced to life imprisonment without the possibility of parole. (*See* Doc. 1, at 2-3) Petitioner

directly appealed his conviction and sentence, *Fisher v. State*, 587 So.2d 1027 (Ala. Crim. App. 1991) and also collaterally attacked same, *see, e.g., Fisher v. Mitchum*, CA 98-0871-BH-M, Doc. 23, at 1-2.

2.      Fisher filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on August 27, 1998, collaterally attacking his conviction and sentence. *See* CA 98-0871-BH-M, *supra*. On March 29, 2000, United States Magistrate Judge Bert W. Milling, Jr., recommended that the petition be denied on the basis that same was time barred pursuant to 28 U.S.C. § 2244(d). *See* CA 98-0871-BH-M, Doc. 23. United States District Judge W. B. Hand adopted Magistrate Judge Milling's report and recommendation by order entered on April 20, 2000, *id.* at Doc. 26, and entered judgment that same date denying Fisher's petition for writ of habeas corpus, *id*. at Doc. 17.

3.      Petitioner filed written notice of appeal some five years later on October 5, 2005, *id.* at Doc. 32, and, on that same date, a request for a certificate of appealability, *id* at Doc. 33. This Court denied the motion for certificate of appealability by order dated October 6, 2005. *Id*. at Doc. 34. Thereafter, on November 2, 2005, the Eleventh Circuit Court of Appeals dismissed the appeal for failure to prosecute "because the appellant has failed

to pay the $250 docketing and $5 filing fees ($255) to the district court clerk within the time fixed by the rules[.]" *Id*. at Doc. 35.

4.     Fisher filed the aforementioned notice of appeal five years late following an unsuccessful attempt to garner the Eleventh Circuit's support for the filing of a successive habeas petition. That is, on June 9, 2000, petitioner filed an application for leave to file a second or successive petition with the Eleventh Circuit Court of Appeals; however, that application was denied by order dated June 29, 2000. *Fisher v. Bullard*, CA 01-0665-X-L, Doc. 8, Exhibits D & E. Undaunted by the Eleventh Circuit's order, petitioner filed a second petition for habeas corpus relief in this Court on September 21, 2001. *Id*. at Doc. 1. On December 7, 2001, United States Magistrate Judge Kristi D. Lee recommended that Fisher's second petition for federal habeas corpus relief be denied as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). *Id*. at Doc. 9. Judge Lee's report and recommendation was adopted by the district court by order and judgment entered on January 3, 2002. *Id*. at Docs. 10 & 11. Thereafter, on August 15, 2002, the Eleventh Circuit Court of Appeals entered yet another order denying petitioner's application for leave to file a successive petition. *Id*. at Doc. 12.

5.     Fisher filed the instant habeas corpus petition in this Court on

October 26, 2005.  (Doc. 1)  In the petition, Fisher raises three of the same claims he raised in his first federal habeas petition (*compare id*. *with Fisher v. Mitchum*, CA 98-0871-BH-M, Doc. 23, at 2) and one claim that he attempted to raise for the first time in his successive petition filed on September 21, 2001 (*compare* Doc. 1 *with Fisher v. Bullard*, CA 01-0665-X-L, Doc. 9, at 3).[1]

## CONCLUSIONS OF LAW

1.     A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  28 U.S.C. foll. § 2254, Rule 4.

2.     Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of

---

[1]     Presently pending before the undersigned is petitioner's motion to proceed without prepayment of fees (Doc. 2), same being filed concurrently with the filing of Fisher's § 2254 petition. In light of the contents of this report and recommendation, petitioner's *in forma pauperis* motion (Doc. 2) is **MOOT**.

1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

      3.    The instant petition, filed on October 26, 2005 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. To the contrary, all of the evidence that the undersigned has pieced together clearly establishes that on the two occasions Fisher filed applications for leave to file a successive petition, once on June 9, 2000 and the second time sometime prior to August 15, 2002, the Eleventh Circuit denied those applications.  Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Fisher's request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137

L.Ed.2d 714 (1997).

4.     The undersigned recommends that this Court dismiss Fisher's present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## CONCLUSION

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of February, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE